IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JEFFREY WAYNE ADAMS                                                       PLAINTIFF

v.                            Civil No. 4:18-cv-4161

JAILER RYAN COLLUM, Sevier County
Detention Center ("SCDC"); NURSE
SHARON FLOUINOY; CHRIS WOLCOTT,
Jail Administrator SCDC; and SHERIFF
ROBERT GENTRY                                                DEFENDANTS

## ORDER

Currently before the Court is Plaintiff Jeffrey Wayne Adams' failure to comply with orders of the Court. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on December 3, 2018. (ECF No. 1). Plaintiff's motion to proceed *in forma pauperis* was granted that same day. (ECF No. 3).

On August 19, 2019, Defendant Sharon Flouinoy filed a Motion for Summary Judgment. (ECF No. 22). The following day, the Court entered an order directing Plaintiff to file a response to the summary judgment motion by September 10, 2019. (ECF No. 26). This order informed Plaintiff that failure to timely and properly comply with the order would result in this case being dismissed. The order was not returned as undeliverable. To date, Plaintiff has not responded to the summary judgment motion or otherwise responded to the Court's order directing him to do so.

On September 18, 2019, the Court entered an order directing Plaintiff to show cause by October 2, 2019, as to why he failed to respond to Defendant Flouinoy's summary judgment motion. (ECF No. 27). That order was not returned as undeliverable. To date, Plaintiff has not responded to the Court's show cause order.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court, neither of which has been returned as undeliverable. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 7th day of October, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge